UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. _____

FRAME ART INC.,

    Plaintiff,

vs.

ALTERRA AMERICA INSURANCE COMPANY,

    Defendant.
_____/

## COMPLAINT FOR DAMAGES AND DECLARATORY JUDGMENT

Plaintiff Frame Art, Inc. ("Frame Art") sues Defendant Alterra America Insurance Company ("Alterra Insurance") for damages for breach of an insurance contract and a declaratory judgment.

### JURISDICTION AND VENUE

1. This is a commercial insurance case for breach of contract under Florida law and a declaratory judgment under 28 U.S.C. § 2201.

2. This Court has diversity jurisdiction under 28 U.S.C. § 1332(a)(1), because Frame Art, a Florida citizen, seeks damages in excess of $1,650,000.00, exclusive of interest and costs, from Alterra Insurance, a citizen of Virginia and Delaware.

3. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2), because the property that is the subject of this action is situated in Miami-Dade County, Florida.

### THE PARTIES

4. Alterra Insurance is a Delaware corporation, with its principle place of business in Virginia, doing insurance business in Miami-Dade County, Florida. Alterra Insurance's general business is providing property, casualty, marine, and aviation insurance and reinsurance services.

5. Frame Art is a Florida Profit Corporation, with its principal place of business at

96 SW Seventh Street, Miami, Florida 33130.  Frame Art is a family-owned and operated custom art gallery and framing shop.  Frame Art's clientele includes individuals purchasing a single item of artwork for their home, as well as commercial entities seeking art installations for hotels, banks, offices, and museums.  The gallery located on the property is essential to Frame Art's business, because original art pieces and reproductions are displayed for immediate purchase.  The onsite gallery is also essential because Frame Art's custom-framing business is done onsite, which includes matching client-selected custom frames to original or reproduced art works that have been purchased from Frame Art or originated elsewhere.

## FACTS

6. In exchange for paid premiums, Alterra Insurance issued a commercial property insurance policy to Frame Art, Policy No. MAXA3IM0048441, effective from June 13, 2013 to June 14, 2014, which covered Frame Art's real property located at 96 Southwest 7th Street, Miami, Florida 33130, and its commercial building and personal property located thereon.  The 2013-2014 policy was renewed for the 2014-2015 and 2015-2016 policy periods under the same policy number.  A copy of the policy is attached as Exhibit A and has been in effect at all relevant times.

7. Frame Art's real property is immediately adjacent to the former construction site of the 9-acre, billion-dollar development known as "Brickell City Centre."  Although the construction and development activities on the Brickell City Centre site are substantially or wholly completed at this time, the relevant events and losses occurred while the construction and development activities on the Brickell City Centre site were ongoing.

8. During periods of coverage under the policy, and as a result of the extensive construction and development activities on the Brickell City Centre site, Frame Art's real

property, commercial building, and personal property located thereon were damaged, including but not limited to:

 a. damage to the insured building, including to the roof and the roof membrane and to the building envelope and foundation;

 b. the loss of lateral support for the real property and commercial building;

 c. differential movement of the ground slab of the building;

 d. damage due to construction debris raining down on Frame Art's real property and the exterior of its building;

 e. cracking of the exterior and interior building walls and surfaces;

 f. damage to carpet and drywall;

 g. damage to original art pieces and reproductions;

 h. damage to frame inventory, including frames and framing materials;

 i. damage to the interior metal stairways, furniture, electrical, HVAC and communication equipment installed in the building;

 j. damage to the air conditioning system and ducts;

 k. damage to the signage and neon lights, including construction debris, cement, and dust obscuring and damaging the signage and lighting;

 l. excessive and pervasive dust and construction debris permeating the interior of Frame Art's building;

 m. sprayed or splattered concrete on the building's exterior surfaces and the vehicles of both customers and clients alike;

 n. damage to the front entrance canopy;

 o. damage to the parking lot and city drain systems;

    p. the cost of repairs and maintenance;

    q. diminution in the value of the real property and structures located thereon;

    r. diminution of the value of Frame Art's business; and

    s. Frame Art's lost profits.

9. All conditions precedent to bringing this action have been waived, excused or otherwise have been performed or occurred.

## COUNT I

### Breach of Contract

10. Frame Art repeats and realleges the allegations in paragraphs 1 through 9 as if fully set forth herein.

11. This is a claim for breach of an insurance contract that was in effect at the time of the alleged damage and losses to Frame Art's real property, commercial building, and personal property.

12. On numerous occasions during periods of coverage, Frame Art has sustained covered and non-excluded losses under the policy.

13. Frame Art filed a claim with Alterra Insurance, which was assigned Claim Number MXMP37969.  On or about September 16, 2016, Frame Art submitted a "Sworn Statement in Proof of Loss" to Alterra Insurance, a copy of which is attached as Exhibit B.  On or about October 29, 2016, Frame Art submitted an *amended* "Sworn Statement in Proof of Loss" to Alterra Insurance, a copy of which is attached as Exhibit C.

14. Since the filing of Frame Art's claim, Alterra Insurance has breached its duty to provide Frame Art with insurance benefits for the covered losses.  Among other things, Alterra Insurance has refused to provide coverage or compensate Frame Art for its losses based on an

improper, inadequate, and biased investigation, as well as incorrect and biased recommendations and opinions of its employees, agents, and representatives.

15. At all relevant times, Frame Art has cooperated with Alterra Insurance in the adjustment of its claims. Frame Art has also complied with its obligations under the policy or, alternatively, has been excused from performance by the acts, representations, omissions, or conduct of Alterra Insurance.

16. Nonetheless, Alterra Insurance has failed to timely and promptly provide any coverage or compensation for Frame Art's losses, as required by the policy. Alterra Insurance's failure to do so is a breach of the policy.

17. As a direct and proximate result of the breach, Frame Art has sustained substantial damages and continues to incur harm to its business and property.

18. Frame Art is entitled to recover its attorney's fees under Fla. Stat. § 627.428.

WHEREFORE, Frame Art demands judgment against Alterra Insurance for compensatory damages, special damages, attorney's fees, expenses, and costs, pre- and post-judgment interest, and such other relief as the Court deems just and proper.

## COUNT II

### Declaratory Judgment under 28 U.S.C. § 2201

19. Frame Art repeats and realleges the allegations in paragraphs 1 through 9 as if fully set forth herein.

20. This is a claim for a declaratory judgment under 28 U.S.C. § 2201, which provides in pertinent part that any federal court "may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought." 28 U.S.C. § 2201(a).

21. On numerous occasions during periods of coverage, Frame Art has sustained covered and non-excluded losses under the policy.

22. Frame Art filed a claim with Alterra Insurance, which was assigned Claim Number MXMP37969. On or about September 16, 2016, Frame Art submitted a "Sworn Statement in Proof of Loss" to Alterra Insurance, a copy of which is attached as Exhibit B. On or about October 29, 2016, Frame Art submitted an *amended* "Sworn Statement in Proof of Loss" to Alterra Insurance, a copy of which is attached as Exhibit C.

23. Since the filing of Frame Art's claim, Alterra Insurance has breached its duty to provide Frame Art with insurance benefits for the covered losses. Among other things, Alterra Insurance has refused to provide coverage or compensate Frame Art for its losses based on an improper, inadequate, and biased investigation, as well as incorrect and biased recommendations and opinions of its employees, agents, and representatives.

24. At all relevant times, Frame Art has cooperated with Alterra Insurance in the adjustment of its claims. Frame Art has also complied with its obligations under the policy or, alternatively, has been excused from performance by the acts, representations, omissions, or conduct of Alterra Insurance.

25. Nonetheless, Alterra Insurance has failed to timely and promptly provide any coverage or compensation for Frame Art's losses, as required by the policy.

26. Because a bona fide dispute exists between the parties about their rights and obligations under the policy, Frame Art seeks a judgment declaring that the policy is valid and enforceable and that, pursuant to its terms and conditions, Frame Art is entitled to insurance coverage and benefits for its claimed damages and losses.

27. Frame Art further seeks a judgment declaring that Alterra Insurance has no valid

legal or contractual defenses to the immediate provision of coverage and benefits for Frame Art's claimed damages and losses.

28.     Frame Art is entitled to recover its attorney's fees under Fla. Stat. § 627.428.

WHEREFORE, Frame Art demands a declaratory judgment against Alterra Insurance, an award of its attorney's fees, expenses, and costs, and such other relief as the Court deems just and proper.

## DEMAND FOR JURY TRIAL

Frame Art demands a jury trial on all issues so triable as a matter of right.

Respectfully submitted,

By: _/s/ Ronald P. Weil_____
Ronald P. Weil (FBN 169966)
rweil@weillawfirm.net
Mark A. Schweikert (FBN 70555)
mschweikert@weillawfirm.net
**WEIL SNYDER SCHWEIKERT & RAVINDRAN, P.A.**
201 South Biscayne Boulevard, Suite 850
Miami, Florida 33131
T: (305) 372-5352
F: (305) 372-5355

*Attorneys for Plaintiff Frame Art, Inc.*